```
1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO

3    JOSUE MIGUEL RIVERA-BRUNO,

4         Petitioner,
                                          Civil No. 09-2191 (JAF)
5         v.
                                          (Criminal No. 07-453)
6    UNITED STATES OF AMERICA,

7         Respondent.

8
```

9  **OPINION AND ORDER**

10       Petitioner, Josué Miguel Rivera-Bruno, brings this pro-se petition for post-conviction relief

11  from a federal judgment pursuant to 28 U.S.C. § 2255.  (Docket No. 1.)  Respondent, the United

12  States of America, opposes (Docket No. 5), and Petitioner replies (Docket No. 6).

13  **I.**

14  **Factual and Procedural History**

15       On October 25, 2007, Petitioner was charged with participation in a sixty-three-member

16  conspiracy to possess with intention to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C),

17  (b)(2), 846, and 860, (1) one kilogram or more of heroin; (2) 50 grams or more of crack cocaine;

18  (3) five kilograms or more of cocaine; (4) a detectable quantity of Oxycodone; and (5) a detectable

19  amount of Alprazolam.  (Crim. No. 07-453, Docket No. 3.)  The indictment also charged Petitioner

20  with four additional counts for aiding and abetting others in the commission of narcotics offenses

21  in the vicinity of public housing, a primary school, and a school for deaf children in Cataño, Puerto

22  Rico, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 860.  (Id.)  On August 22,

Civil No. 09-2191 (JAF)                                                                                                           -2-

2008, Petitioner was charged in a superseding indictment with the same offenses as in the original. (Crim. No. 07-453, Docket No. 1131.)

On September 3, 2008, Petitioner signed a plea agreement in which he agreed to plead guilty to the first count in the indictment and to the amounts of drugs stated therein. (Crim. No. 07-453, Docket No. 1246.) Under the agreement, the government and Petitioner stipulated to a base offense level of thirty, with an upward adjustment for the commission of an offense in a protected location and a downward adjustment for Petitioner's acceptance of responsibility, resulting in a total offense level of twenty-nine. (Id.) Under the sentencing guidelines, this translated to a period of incarceration of between 87 and 135 months, depending on the ultimate finding of Petitioner's criminal history. (Id.) The government and Petitioner agreed not to pursue further adjustments or departures at sentencing. (Id.) Petitioner further represented that his plea was voluntary; he was satisfied with his lawyer; he understood that the court was not bound by the sentence recommended in the agreement; and he agreed to waive his right to appeal the judgment. (Id.) In exchange, the government agreed to recommend dismissal of the remaining counts against Petitioner. (Id.)

On September 4, 2008, Petitioner appeared before this court at a change-of-plea hearing to plead guilty to the first count. (Crim. No. 07-453, Docket No. 1765.) We engaged in an extended colloquy to ensure the voluntariness of Petitioner's guilty plea and his awareness of the rights he relinquished. (Id.) In response to our query, Petitioner testified that he was satisfied with his counsel; he understood the waiver of his right to appeal; he agreed to the stipulated drug quantities; and he understood that the plea agreement did not permit further adjustments or departures under the sentencing guidelines. (Id.) On December 3, 2008, we entered judgment against Petitioner, sentencing him to eighty-seven months of imprisonment. (Crim. No. 07-453,

Docket No. 1571.) On November 24, 2009, Petitioner moved to vacate his sentence under 28 U.S.C. § 2255. (Docket No. 1.) The government opposed on January 25 (Docket No. 5), and Petitioner replied on February 24 (Docket No. 6).

## II.

## Standard Under Section 2255

A federal district court has jurisdiction to entertain a § 2255 motion when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. Section 2255 provides four grounds under which a federal prisoner challenging the imposition or length of his sentence may obtain relief. The petitioner may show that: (1) the court imposed the sentence in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255(a). Should a court find any of these errors, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." § 2255(b). The petitioner bears the burden of establishing, by a preponderance of the evidence, that he is entitled to relief. United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978).

## III.

## Analysis

Because Petitioner is pro se, we construe his pleadings more favorably than we would pleadings drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). His status, however, does not insulate him from the strictures of procedural and substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). Petitioner argues that his sentence is

unconstitutional because he pleaded guilty without being fully advised of the rights he waived and because he received ineffective assistance of counsel. (Docket No. 1.)

**A.  Voluntariness and Knowledge of Plea**

Petitioner claims that counsel induced him to plead guilty without fully explaining the consequences of forgoing requests for downward departures at sentencing and of waiving his right to appeal, and by misinforming him about the possibility of stipulating to a lower drug quantity. (Docket No. 1.) Federal Rule of Criminal Procedure 11(b) guards against coerced pleas by requiring the court to engage in an extensive colloquy to ascertain a defendant's voluntariness and awareness of his rights. While a guilty plea must be knowing, voluntary, and intelligent, if a court has accepted a defendant's plea per Rule 11, the defendant cannot go back on his own word by petitioning under § 2255. United States v. Sánchez-Barreto, 93 F.3d 17, 23 (1st Cir. 1996). If a petitioner also asserts that counsel induced him to plead guilty through factual misrepresentation, the petitioner must still make highly specific allegations, "usually accompanied by some independent corroboration," to overcome a presumption of the petitioner's voluntariness and awareness of his rights. United States v. Butt, 731 F.2d 75, 80 n.5 (1st Cir. 1984).

We discussed Petitioner's rights at length during his plea colloquy. (Crim. No. 07-453, Docket No. 1765.) Petitioner testified that his plea was both knowing and voluntary and that he was consciously forgoing trial on the merits, in which he could have contested the accusations against him. (Id.) The plea agreement clearly spells out Petitioner's potential maximum liability under the offense, the facts to which he pled guilty, and his waiver of certain rights. (Crim. No. 07-453, Docket No. 1246.) Although Petitioner alleges that his attorney misled him as to the possibility of reducing the drug quantity in his plea agreement when another defendant agreed to a lower amount, there is no indication that these two defendants were in comparable situations

Civil No. 09-2191 (JAF)                                                                                                  -5-

such that they should have received equal treatment. (See Docket No. 1.) This case essentially turns on a swearing contest between Petitioner's assertions in the instant petition and his previous, sworn affirmations to this court. See Sánchez-Barreto, 93 F.3d at 23. Without proof of deception beyond Petitioner's self-serving averments (see Docket No. 1), we find that his attorney committed no error. See Butt, 731 F.2d at 80.

**B.     Ineffective Assistance of Counsel**

Petitioner alleges that his sentence is unconstitutional because his counsel was ineffective in that he (1) failed to argue for a downward departure at sentencing for Petitioner's mental disorders; (2) did not fully inform Petitioner about the consequences of forgoing downward departures and waiving the right to appeal; and (3) misinformed Petitioner about the possibility of agreeing to a lower drug amount. (Docket No. 1.)

To establish ineffective assistance of counsel, the petitioner must show both that his attorney's performance was deficient and that he suffered prejudice as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 686-96 (1984). To demonstrate deficient performance, the petitioner must "establish that counsel was not acting within the broad norms of professional competence." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (citing Strickland, 466 U.S. at 687-91). "[T]o prove prejudice, a defendant must establish that but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." Id. at 57-58. As to prejudice in guilty pleas, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner's claims under the Sixth Amendment right to counsel can be grouped into two categories: Failure to obtain a lesser sentence and failure to fully advise Petitioner about the

Civil No. 09-2191 (JAF)                                                                                                  -6-

consequences of his guilty plea.  First, Petitioner argues that his sentence would have been less severe had his attorney presented arguments for a downward departure due to Petitioner's alleged mental disorders.  (Docket No. 1.)  This argument cannot obtain.  Once Petitioner agreed in his plea agreement to forgo further downward departures or adjustments (see Crim. No. 07-453, Docket No. 1246), his lawyer had neither the obligation nor the opportunity at sentencing to raise the issue of Petitioner's mental health.  Therefore, counsel's performance was not deficient in this respect.  See Owens, 483 F.3d at 57.

Second, Petitioner argues that counsel induced him to sign the plea agreement without full knowledge of relevant facts.  (Docket No. 1.)  The critical defect with this argument is that Petitioner does not allege that he would not have pled guilty, and instead would have insisted on a jury trial, but for his lawyer's intervention.  (Id.)  Accordingly, Petitioner fails to show prejudice as to these two claims.  See Hill, 474 U.S. at 59.

**IV.**

**Conclusion**

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 petition (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, we summarily **DISMISS** this petition, because it is plain from the record that Petitioner is entitled to no relief.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 8th day of April, 2010.

                                                                s/José Antonio Fusté
                                                                JOSE ANTONIO FUSTE
                                                                Chief U.S. District Judge